**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| PAUL TITUS SHIELDS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 06-1180 |
| EDDIE JONES, Warden, Pontiac Correctional Center, | ) ) ) | |
| Respondent. | ) ) | |

# **O R D E R**

Before the Court is Petitioner, Paul Titus Shields' ("Shields") Application to Proceed In Forma Pauperis ("IFP") [Doc. #1-1] and attached Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody [Doc. #1-2]. For the reasons that follow, Shields will be given 14 days from the date of this order to provide the Court with credible evidence that he has fully and completely exhausted all of his available state remedies.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this Court must first conduct a preliminarily review of Shields' Habeas Petition. Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge ***must dismiss*** the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing § 2254 Cases (emphasis added).

As the Seventh Circuit has made clear, before a district court can reach the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, the petitioner must exhaust all available state remedies by giving "the state courts a full and fair opportunity to review [his] claims through its own judicial processes . . . ." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991) (citations omitted).  If "state remedies have not been exhausted as to any one of [P]etitioner's federal claims[,]" then his "petition for writ of habeas corpus must be dismissed[.]"  Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir. 1990) (citing Castille v. Peoples, 489 U.S. 346, 349 (1989)).

Here, it plainly appears that Shields' has failed to exhaust his available state remedies and, therefore, is not entitled to relief in this Court.  At questions 11(a) and (b), and question 14 of his § 2254 Habeas Petition, Shields clearly indicates that he has two post-conviction petitions regarding the instant matter "still pending" in the state courts.  As such, this Court cannot reach the merits of his Habeas Petition until he has fully and completely exhausted his state remedies.

Although the Court is raising the exhaustion requirement *sua sponte*, in Day v. McDonough, the United States Supreme Court explained that the statute of limitations defense and the exhaustion requirement were both "nonjurisdictional" threshold

2

barriers that required identical analysis. 164 L. Ed. 2d 376, 385-87 (2006) (stating that the statute of limitations defense is on par with the failure to exhaust state remedies and it would make "scant sense" to distinguish between the two). After comparing the two "nonjurisdictional" issues, the Supreme Court went on to hold that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Id. at 387 (emphasis in original). However, in reaching its decision, the Supreme Court also explained that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 388.

This holding implicates the Supreme Court's approval of district courts considering, *sua sponte*, a prisoner's failure to exhaust all available state remedies. See Granberry v. Greer, 481 U.S. 129, 133 (1987) (holding that federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000) (holding that federal courts have the authority to raise "nonjurisdictional" affirmative defenses *sua sponte* in habeas cases). But in doing so, a district court must provide the prisoner with notice that his habeas petition will be dismissed

3

unless he can affirmatively show that he has in fact exhausted his state remedies.  See Day, 164 L. Ed. 2d at 388.

As a result, Shields will be given 14 days from the date of this order to provide the Court with evidence that he has indeed exhausted his state remedies.  This means that simply stating that all available state remedies have been exhausted will not suffice.  Instead, Shields will have to supply this Court with some form of ***credible*** evidence (such as copies of documents from his state court proceedings).

IT IS THEREFORE ORDERED that Shields will be given 14 days from the date of this order to provide the Court with credible evidence that he has fully and completely exhausted all of his available state remedies or his § 2254 Habeas Petition will be dismissed without prejudice.

Signed this  17th  day of July, 2006.

                                                             /s/ Joe B. McDade
                                                           JOE BILLY McDADE
                              United States District Judge